In the Interest of A.M.W. and A.H.W., Minor Children.

No. 10-05-00123-CV.

Court of Appeals of Texas, Waco.

May 17, 2006.

Nita C. Fanning, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

For majority opinion, see 2006 WL 1523278.

---

## DISSENTING OPINION

TOM GRAY, Chief Justice.

Delays, interminable delays! I dissent to the referral of this proceeding to mediation.

In my original dissenting opinion, I wrote: "I could spend many more days on this case, but because there will undoubtedly be further proceedings, and the childhood of these children is quickly passing—I will hand this case off, with my dissent, to the next court, hopefully a court with more resources to properly address all the issues necessary to a proper disposition of this appeal." *In the Interest of A.M.W.*, No. 10–05–00123–CV, 2006 WL 408636, *14, 2006 Tex.App. LEXIS 1504, *49 (Tex. App.-Waco Feb. 22, 2006, no pet. h.) (Gray, C.J., dissenting). I had no idea that this Court would be the source of further delays of this magnitude.

We handed down our opinions February 22, 2006. The majority reversed and remanded the termination of Barbara's parental rights to these two children. *In the Interest of A.M.W.*, No. 10–05–00123–CV, 2006 WL 408636, 2006 Tex.App. LEXIS 1504 (Tex.App.-Waco Feb. 22, 2006, no pet. h.). They held there was legally sufficient but not factually sufficient evidence to support the termination. *Id.* I dissented and addressed the majority's improper application of the standard of review in cases involving the termination of parental rights. *Id.* at *14, 2006 Tex.App. LEXIS 1504, at *39–51.

On March 9, 2006 the State filed a motion for rehearing. But rather than timely rule on the pending motion for rehearing, the majority has decided to further delay this case by referring it to mediation! Our plenary power would have expired by now if the motion for rehearing had not been filed.

Every reader of this dissenting opinion should ask why would an appellate court refer a matter to mediation after it has issued an opinion and judgment reversing and remanding the case, and what are the chances for a successful mediation? I believe the answer is that the majority is relying on entirely inappropriate information as the basis for its order.

The draft order referring this matter to mediation came to me with a notation, among other statements: "This is the case in which an adoption went forward in spite of the lack of a final judgment of termination." The issue regarding the adoption is not part of our record on appeal and its source of origin as the basis for this referral is unknown. So based on events outside the record, a majority of this Court is taking action in this case that, in my estimation, has little chance for success. And because this Court does not have the authority to make the adoptive parents parties, and because they are not parties, the mediator is given "the discretion to allow the attendance and participation of other interested persons who have a direct interest in the outcome of this dispute and their counsel." The ad litem for the children, who are not parties to this appeal and are not represented in this appeal by counsel, has been ordered to "attend and be present during the entire mediation process."

There is no end to how much time this detour can take. The mediation is ordered to occur within 45 days, but there is no deadline specified for the filing of the mediator's report. And I will not get into the extent of my disagreement with the direct appointment of the mediator without the opportunity for the parties to agree upon one. *In re Echols*, No. 10–06–00039–CV, 2006 WL 561813, *2, 2006 Tex.App. LEXIS 1893, *4–5 (Tex.App.-Waco March 8, 2006, order) (Gray, C.J., dissenting).

All-in-all, the basis for this referral appears improper and the purpose appears to be to try to avoid another reversal, or at the very least, deprivation of the opportunity for the Supreme Court to clarify the standard of review. If the State does not withdraw its motion for rehearing so as to at least put an end to that aspect of this delay, I would request a response to the motion for rehearing so that the time period to file a response expires before the date by which the mediation must occur. In that manner, at least the mediator will be working with the issues-on-rehearing fully briefed, and waiting for a response cannot then be a further cause of delay before the termination of the parental rights of Barbara is fully resolved.

The majority's order is ill conceived, poorly thought out, and will be difficult for others to implement. It is a testament to a failure in the system. I dissent to the referral to mediation, and would summarily deny the motion for rehearing so that this matter may immediately proceed to the Texas Supreme Court for further review.